**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Barbara Stuart Robinson, | No. CV-24-00374-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Human Services Campus Incorporated, | |
| Defendant. | |

Pending before the Court is Plaintiff's Application for Leave to Proceed In Forma Pauperis (Doc. 2), which the Court denies.

As background, on January 4, 2024, Plaintiff filed the complaint in *Robinson v. Human Services Campus Incorporated*, 2:24-cv-00022-SPL, along with an application for leave to proceed in forma pauperis ("IFP"). That application indicated that Plaintiff's average gross monthly income amount during the past 12 months was $0 and that she expected $0 the following month as well, and it asserted that she had $0 in monthly expenses. On January 8, 2024, the judge presiding over that action denied the application without prejudice, asserting doubt about the veracity of the allegations therein, and gave Plaintiff a month to either pay the filing fee or file a renewed IFP application that addressed the concerns identified in the order. Two copies of this order were mailed to Plaintiff. Plaintiff did not pay the fee or file a renewed application, and on February 9, 2024, the Court dismissed the action without prejudice.

On February 23, 2024, Plaintiff filed the above-captioned action. The complaint

asserts that this case "stems from a previous case filing that was dismissed . . . due to insufficiencies to Application for IFP" and asserts that "Plaintiff never received the previous Order directing her to cure these deficiencies . . . ." (Doc. 1.) Plaintiff also filed an IFP application (Doc. 3) and a motion to allow electronic filing (Doc. 4).

Plaintiff asserts that her average gross monthly pay during the past 12 months is $820[1] and that she expects the same amount of employment income next month. (Doc. 3 at 1.) She has also been receiving monthly "gifts" from "cash app" in the amount of $80 per month. (*Id.*) Plaintiff's only listed monthly expenses are $236 for food and $60 for transportation.

The Court cannot find that Plaintiff has established the level of financial need that would allow Plaintiff to proceed in forma pauperis. *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) ("An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life. . . . As this court has recognized, one need not be absolutely destitute to obtain benefits of the in forma pauperis statute. Nonetheless, a plaintiff seeking IFP status must allege poverty with some particularity, definiteness and certainty.") (citations and quotation marks omitted).

Here, Plaintiff can "pay the court costs and still afford the necessities of life." *Escobedo*, 787 F.3d at 1234.

Accordingly,

**IT IS ORDERED** that Plaintiff's Application for Leave to Proceed In Forma Pauperis (Doc. 2) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff must pay the filing fee by **March 11, 2024**.

**IT IS FURTHER ORDERED** that the Clerk of Court, without further notice,

---

[1] The Court notes that this appears inconsistent with the IFP application Plaintiff filed in November 2023, which asserted that Plaintiff's average monthly income over the past 12 months was $360 per week (*i.e.*, over $1,440 per month), with an expected income in December 2023 of $860 per week (*i.e.*, over $3,440 for the month). *Robinson v. BMO Harris Bank NA*, 2:23-cv-02334-DJH, Doc. 2.

shall dismiss this case without prejudice if Plaintiff fails to pay the filing fee by **March 11, 2024**.

**IT IS FURTHER ORDERED** that the motion to allow electronic filing by a party appearing without an attorney (Doc. 4) is **granted** in this case only.  The party is required to comply with all rules outlined in the District of Arizona's Case Management/Electronic Case Filing Administrative Policies and Procedures Manual, have access to the required equipment and software, have a personal electronic mailbox of sufficient capacity to send and receive electronic notice of case related transmissions, be able to electronically transmit documents to the court in .pdf, complete the necessary forms to register as a user with the Clerk's Office within five days of the date of this Order (if not already on file), register as a subscriber to PACER (Public Access to Electronic Records) within five days of the date of this Order (if this has not already occurred), and comply with the privacy policy of the Judicial Conference of the United States and the E-Government Act of 2002.

Dated this 28th day of February, 2024.

Dominic W. Lanza
United States District Judge